# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Theodore J. Boutrous, Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

March 24, 2020

<u>VIA ECF</u>

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re:  *County of San Mateo v. Chevron Corp. et al.*, No. 18-15499, consolidated with *City of Imperial Beach v. Chevron Corp. et al.*, No. 18-15502; *County of Marin v. Chevron Corp. et al.*, No. 18-15503; *County of Santa Cruz, et al. v. Chevron Corp. et al.*, No. 18-16376

Dear Ms. Dwyer:

Defendant-Appellant Chevron writes in response to Plaintiffs-Appellees' March 18, 2020 letter regarding the Supreme Court's decision in *Rodriguez v. FDIC*, 140 S. Ct. 713 (2020). Contrary to Plaintiffs' assertions, *Rodriguez* reaffirmed the existence of federal common law and supports the conclusion that federal common law governs this dispute.

In *Rodriguez*, the Supreme Court acknowledged that "areas exist in which federal judges may appropriately craft the rule of decision," but declined to "claim a new area for common lawmaking" with respect to tax refund allocation. *Id.* at 717. As the Court explained, a new area of federal common law will be recognized only where "'necessary to protect uniquely federal interests,'" *id.*, and no such interests exist concerning "how a consolidated corporate tax refund … is *distributed* among group members," *id.* at 718.

Unlike *Rodriguez*, this case does not require the Court to recognize a "new area" for federal common lawmaking. Rather, it is well established that federal common law governs cases concerning "air and water in their ambient or interstate aspects." *Illinois v. City of Milwaukee*, 406 U.S. 91, 103 (1972); *see also Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 421 (2011) ("Environmental protection is undoubtedly an area … in which federal courts may … 'fashion federal law.'"); *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 488 (1987) ("[I]nterstate water pollution is a matter of federal, not state, law."). And while Plaintiffs contend that "there is no unique federal interest here" because states *also* "'have a legitimate

Molly C. Dwyer
March 24, 2020
Page 2

interest in combatting the adverse effects of climate change on their residents,'" Dkt. 191 at 1, the case they cite involved only *in-state* regulation of transportation fuels. *See Am. Fuel & Petrochem. Mfrs. v. O'Keeffe*, 903 F.3d 903, 907–08 (9th Cir. 2018). *O'Keeffe* has no relevance here because Plaintiffs' claims are based on *global* conduct such that "a uniform standard of decision is necessary to deal with the issues raised in plaintiffs' complaints." *California v. BP P.L.C.*, 2018 WL 1064293, at *3 (N.D. Cal. Feb. 27, 2018).

Sincerely,

*/s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous Jr.
GIBSON, DUNN & CRUTCHER LLP
Counsel for Defendants-Appellants
Chevron Corporation and Chevron U.S.A.

cc: All counsel of record (via ECF)